## ESTATE OF MARGARET GIFFIN, DECEASED.

APPEAL BY J. S. RANKIN ET AL. FROM THE ORPHANS' COURT
OF ALLEGHENY COUNTY.

Argued October 30, 1890—Decided November 10, 1890.

By a devise of land to one "during her natural lifetime, . . . . . and at her decease the same to go to her children and their descendants," the devisee takes but a life-estate, the word children being used as a word of purchase and not of limitation: Keim's App., 125 Pa. 487.*

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 117 October Term 1890, Sup. Ct.; court below, No. 229 September Term 1889, O. C.

On September 28, 1889, J. S. Rankin and Louisa G., his wife, in right of said wife, presented their petition, praying, upon the facts therein averred sufficiently stated in the opinion of the court below, infra, for a decree directing satisfaction to be entered upon a certain bond and mortgage executed by the petitioners to a trustee to sell the real estate of Margaret Giffin, deceased.

Answers having been filed to a citation awarded, the proceeding was heard on petition and answers, and on May 10, 1890, the court, OVER, J., filed the following opinion and decree:

FINDINGS OF FACT.

Margaret Giffin, deceased, by her last will made the following devise:

"7. I give and devise unto my daughter, Mrs. Louisa Rankin, during her natural lifetime, all that part of the farm aforementioned on which I now reside in Lower St. Clair township, lying and being on the eastern side of said Brownsville road, . . . . . containing thirty acres and eighty-three perches, more or less; also a piece purchased from Oliver H. Ormsby, trustee,

---
* See High's Est., 136 Pa. 223.

Decision of Court below.

. . . . . containing two acres and nineteen $\frac{3}{10}$ perches, strict measure, and at her decease the same to go to her children and their descendants; and if she should die without leaving any such, then the same to revert to my estate, and be equally divided between my other children; excepting and reserving from this devise, all the bituminous or stone coal under the said tracts of land, with mining privileges."

On December 5, 1884, Mrs. Rankin, the devisee, presented a petition to this court, setting forth, inter alia, that the land devised to her was subject to contingent remainders, as limited in the will of Mrs. Giffin; that it would be for the best interests of all parties that it should be sold, and praying the court to decree its sale in fee-simple. On December 20, 1884, the prayer of the petition was granted, and Graham Scott was appointed trustee to make the sales. Sales of a part of the land were made, and $3,000 purchase money received by the trustee; and on June 5, 1887, he was authorized to and did lend this purchase money to Mrs. Rankin, taking as security a bond and mortgage executed by her and her husband on other real estate devised to her in fee. It is now claimed that Mrs. Rankin had a fee in the devise, and that she was entitled to the purchase money; and the purpose of this petition is to procure an order on the trustee to satisfy the said bond and mortgage.

### OPINION.

It is contended by petitioners' counsel that the words "children and their descendants," as used in the devise to Mrs. Rankin, are synonymous with "heirs of the body;" and that under the rule in Shelley's Case the devise to her was in fee-tail, which under the act of April 27, 1855, P. L. 368, was enlarged into a fee-simple.

In Keim's App., 125 Pa. 487, it is said that "primarily and generally the word children in a will is a word of purchase; and, while it may be used to signify 'heirs or heirs of the body,' it will not be so construed unless the testator has employed other words indicative of an intention to use it as a word of limitation."

It is claimed that the words, "and their descendants," following the word children, in the devise to Mrs. Rankin, indicate an intention to use the latter as a word of limitation. The cases cited to support this position would be in point, if the

Opinion of the Court.

devise had been to Mrs. Rankin for life and upon her death to her descendants. The devise, however, is to her for life, and at her decease to her children and their, not her, descendants. The limitation being to the descendants of the remainder-men, shows that it was the intention of the testatrix that Mrs. Rankin's children should become the root of a new succession, and take under the will as purchasers and not as her heirs. The rule in Shelley's Case does not therefore apply: Guthrie's App., 37 Pa. 13; and, as Mrs. Rankin is entitled only to the income of the fund for life, her petition must be dismissed.

And now to wit, May 10, 1890, this matter came on to be heard upon petition of Dr. J. S. Rankin and wife, and answers thereto, and was argued by counsel; and upon consideration thereof, it is ordered adjudged and decreed that the petition be dismissed at the costs of petitioners.

—Thereupon the petitioners took this appeal, specifying that the court erred:

1. In dismissing the petition filed.

2. In not granting the petition, and in not decreeing the satisfaction of the mortgage as therein prayed for.

*Mr. David D. Bruce* (with him *Mr. Shields*), for the appellants.

Counsel cited: Husbands on Mar. W., 261; Dodson v. Ball, 60 Pa. 500; Hayes on Real Est., *10; Allen v. Markle, 36 Pa. 118; Guthrie's App., 37 Pa. 9; Reinhart v. Lantz, 37 Pa. 491; Potts's App., 20 Pa. 253; Yarnall's App., 70 Pa. 342; Keim's App., 125 Pa. 481.

*Mr. W. B. Negley*, for the appellee, was not heard.

PER CURIAM:

The decree is affirmed upon the opinion of the learned judge of the Orphans' Court, and the appeal dismissed at the costs of the appellants.

Decree affirmed.