# Xander v. Easton Trust Company, Appellant.

*Will—Devise—Life estate—Rule in Shelley's case—Children.*

Testator divided his estate into five equal shares, and gave his son C. one equal share "which said one equal share shall be invested by my hereinafter named executors, who shall pay the annual interest or income arising therefrom, to my said son C., and upon his death divide it among the children of the said C. share and share alike." *Held*, that the son took a life estate only.

Argued March 13, 1907.    Appeal, No. 399, Jan. T., 1906, by defendants, from judgment of C. P. Northampton Co., Nov. Term, 1906, No. 93, on case stated in suit of George L. Xander, Administrator d. b. n. c. t. a. of Samuel Hayden, deceased, v. The Easton Trust Company, Trustee of Cornelius Hayden, and Edward Dreyfus, Executor of Cornelius Hayden, deceased, Nellie A. Lochman and Harry E. Hayden, Legatees and Intervenors.    Before FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ.    Affirmed.

Case stated to determine the title to real estate.    SCOTT, J., filed the following opinion :

The single question for decision here is whether Cornelius Hayden was invested with an absolute estate, devised by his father in the paragraph of the will, a copy of which follows, viz. :

" The rest and remainder of my estate, real, personal and mixed of whatever nature and kind the same may be, I give, devise and bequeath unto my children and grandchildren in manner as follows, to wit : The same to be divided into five equal shares of which my son Howard A. Hayden shall receive one equal share ; my son George W. Hayden one equal share ; my son Cornelius Hayden one equal share, which said one equal share shall be invested by my hereinafter named executor, who shall pay the annual interest or income arising therefrom to my said son Cornelius Hayden and upon his death divide it among the children of the said Cornelius Hadyen share and share alike ; one of said equal parts of my estate as aforesaid divided between my son Edward Hayden and his son Harry Hayden in the manner following, to wit : three-fourths of the said equal share to my son Edward Hayden and one-fourth of said one equal share to his son Harry Hayden ; the remaining one-fifth equal share of my estate as aforesaid to be divided share and share alike among Cora Hayden, Daniel Hayden and Nina Hayden, the three youngest children of my deceased son Daniel Hayden ; in case any of the said three grandchildren should be dead at the time of my decease, then the share or shares of such deceased grandchild or grandchildren is to be divided equally between the survivor or survivors of them ; in case any of the said three grandchildren should die after my

decease, then the part or share of such deceased grandchild or grandchildren shall go to the survivor or survivors of the three; in case all three of the children aforesaid, to wit : the children of my deceased son Daniel should die without lawful heirs, then in that case the part or share of my estate that went to such child or children, shall revert to my estate and be divided equally among my sons Howard A., George W., Edward and Cornelius, share and share alike forever."

Under the stipulation filed and upon the statement of facts therein contained, judgment is to be entered for the plaintiff, as administrator d. b. n. with will annexed of Samuel Hayden, deceased, if Cornelius Hayden had but a life estate; otherwise for defendants.

If it be conceded, notwithstanding the primary and technical meaning attached to the word " children " as one of purchase (Pifer v. Locke, 205 Pa. 616), that it was clearly the intention of the testator the remainder-man should take by descent from the donee as " heirs of the body ;" that the devise would thus in ordinary cases become absolute by the operation of the rule in Shelley's case (Haldeman v. Haldeman, 40 Pa. 29; Yarnall's Appeal, 70 Pa. 335 ; Simpson v. Read, 205 Pa. 53 ; Vilsack's Estate, 207 Pa. 611); that this testamentary purpose is apparent from the will itself beyond all doubt (Guthrie's Appeal, 37 Pa. 9; Oyster v. Oyster, 100 Pa. 538); that the provision for division over distributively as tenants in common, but without superadded words of limitation, does not so support the original presumption of taking by purchase that an intent otherwise may still be patently implied (Guthrie's Appeal, 37 Pa. 9 ; Haldeman v. Haldeman, 40 Pa. 29 ; Physick's Appeal, 50 Pa. 128 ; Ogden's App., 70 Pa. 501) all of which is not too certain, yet there is a serious obstacle in the path of the contention that the estate of Cornelius became absolute.

The rule in Shelley's case cannot be applied unless the estate of the life tenant and that of those in remainder are the same quality ; both must be equitable or both legal.   If there be an active trust for the former, with remainder over of the legal estate, they will not unite: Rife v. Geyer, 59 Pa. 393 ; Little v. Wilcox, 119 Pa. 439 ; Eshbach's Estate, 197 Pa. 153 ; nor if there be a special trust to preserve contingent interests.

The residuary estate of the testator is divided into five equal shares, one of which the devisee was to receive, but " which said one equal share shall be invested by my hereinafter named executor, who shall pay the annual interest or income arising therefrom to my said son Cornelius Hayden, and upon his death " divide it share and share alike among his children.

The son was unmarried and childless at the time of testator's death : Act of June 4, 1879, P. L. 88. There was a contingent remainder in fee of the legal estate : Keller et al. v. Lees et al., 176 Pa. 402.

The interest of Cornelius was not devised expressly to the executors, or any third person in trust for him, but the intention to withhold the corpus, by the direction for his executors to invest and pay over the annual income, is plain : Livezey's Appeal, 106 Pa. 201 ; Craige's Est., 12 Phila. 163. It was not to be indefinite in duration. The purpose to give him but a life estate in this one share is manifest enough from the limitation over. The rule in Shelley's case cannot be applied to discover an intention : Guthrie's Appeal, 37 Pa. 9. The fact that he had a contingent, absolute, undivided interest in the share devised to the children of another brother is immaterial to the present subject-matter of dispute.

It is not necessary that a trustee should be named in the will eo nomine. The duties imposed upon the executor are the incidents of a trust and not functions of his in administration upon the decedent's estate : Sheets's Estate, 52 Pa. 257 ; Anck's Estate, 11 Phila. 118.

The trust herein created cannot be treated as executed in the life tenant for two reasons. It protects the estate in remainder, and the trustee is required to exercise judgment and discretion respecting investments. The line of authorities upon these propositions are summarized by Judge ASHMAN in Hemphill's Estate, 180 Pa. 95. He was affirmed, per curiam, upon his "concise and satisfactory opinion," and I need not refer to other cases. "The automatic function," said the learned judge, " of merely receiving for the cestqui que trust, and immediately paying over to him the trust fund, or its income, will not make a trust active." For this reason, in Haldeman v. Haldeman, 40 Pa. 29, where the question seems to have been suggested although the reporter does not state it,

it was held that no such trust was created by the terms of that will, as would prevent the operation of Shelley's rule. In some of the other cases involving not dissimilar conditions the matter was not discussed nor decided.

But it may be taken as settled, that if there is a testamentary direction to "invest" the corpus of an estate and pay over the income, an active trust is established : Keene's Estate, 81 Pa. 133 ; Estate of Mary Ann Craige, 12 Phila. 163 and cases cited. The same result follows in bequests of personalty : Eichelberger's Estate, 135 Pa. 160. As it is presumed no intestacy is intended, that construction is to be adopted, if possible, which will avoid it. But sometimes it is inadmissible and forbidden.

The exceedingly able argument of the counsel who appeared for the parties intervening has not convinced me that his contention can be sustained.

Now, December 10, 1906, judgment is directed to be entered for the plaintiff on the case stated and against the defendant for $4,167.30.

*Error assigned* was the judgment of the court.

*Robert E. James, Jr.,* for intervenors, appellants.

*Edward J. Fox,* for defendant, appellant.

*O. H. Meyers* and *George L. Xander,* for appellee, were not heard.

Per Curiam, April 1, 1907 :

The judgment entered in this case is affirmed for the reason stated in the opinion of the learned judge of the common pleas.