# Milligan's Estate.

*Wills—Construction—Contingent and vested remainders—Postponement of distribution—Powers.*

1. The rule of construction that the law favors a vested rather than a contingent estate is not applicable where the intention of the testator is manifest.

2. Where a testator devises his estate in trust to pay the income to his eight children for their respective lives and on their deaths to certain persons, and provides that on the death of the surviving child the corpus is to be divided among the devisees of each child, or, if dying intestate, to his or her lineal heirs, or if dying without such heirs, then to the legal heirs of the other children of the testator, the "share" of each child in the corpus vests on his death, in his devisees or lineal heirs, or in the heirs of the other children of the testator, as the case may be, and the vesting of such interests is not contingent upon such beneficiaries surviving the period of distribution.

3. A testator devised his residuary estate in trust to pay the income in equal parts to his eight children for and during their natural lives and further provided, "In the event of the death of any of my said children leaving a last will and testament, then in trust to pay his or their portion or portions of my said estate to such person or persons and for such use and uses as he, she or they may thereby direct and appoint. And in the event of the death of any of my said children without leaving a will, or leaving a will whereby the same may not be legally bequeathed, then in trust to pay the same to his, her or their child or children, and if there be no issue, then to his, her or their brothers and sisters and the issue of such of them as may then be deceased." As to the distribution of the corpus testator provided, "And from and after the decease of the survivor of my said children then in trust to convert all my said estate, real and personal, into money and divide the same amongst the devisees, if any, and the lineal heirs of such

as may not leave a will of my aforesaid children to take only part and proportion of which such child had received the income, and if there be neither will nor lineal heirs of any of my said children the share of such child shall be divided amongst the legal heirs of any other children." On the audit of the trustee's account, an exceptant thereto was a granddaughter and only surviving lineal heir of a daughter of the testator, who had died intestate before the period of distribution of the corpus, and who had left a son and daughter, both of whom also died before the period of distribution, the former leaving the exceptant as sole surviving heir and the latter devising her share in the corpus to her husband, who died before the period of distribution, naming his four sisters as devisees of such interest. Exceptant contended that the interest passing under the will of the original testator was contingent upon the heirs or devisees of the testator's children surviving the period of distribution, and claimed one-eighth of the estate as the only surviving lineal heir of her grandmother to the exclusion of any interest passing under the will of her aunt above mentioned, and also claimed to the exclusion of such aunt an interest in the estate devised by two children of the original testator to said grandmother of the exceptant. The auditing judge confirmed the account of the trustee and awarded the shares derived from exceptant's grandmother in equal shares to exceptant and the executor of the deceased husband of exceptant's aunt. The court in banc dismissed exceptions to the adjudication of the auditing judge. *Held,* no error.

Argued January 20, 1914. Appeal, No. 350, Jan. T., 1913, by Helen T. C. Hart, from decree of O. C. Philadelphia Co., April T., 1913, No. 315, dismissing exceptions to adjudication and to supplemental adjudication in estate of Francis Milligan, deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Affirmed.

Exceptions to adjudication and supplemental adjudication. Before GEST, J.

From the record it appeared that Francis Milligan died October 29, 1846, leaving a last will and two codicils, dated respectively May 20, 1845, January 10, 1846, October 23, 1846, which were duly probated by the register of wills of Philadelphia County on November 5,

1846. By the seventh item of the will he gave and devised his residuary estate to the Girard Trust Company, in trust, to pay the income in equal parts to his eight children: William C. Milligan, Eliza J. Robbins, Isabella M. Cross, Mary C. Ashmead, Charles W. Milligan, Frances A. Milligan, Laura M. Armstrong and Emma S. Milligan, for and during their natural lives, and further provided:

"In the event of the death of any of my said children leaving a last will and testament then in trust to pay his her or their portion or portions of my said estate to such person or persons and for such use and uses as he she or they may thereby direct and appoint. And in the event of the death of any of my said children without leaving a will, or leaving a will whereby the same may not be legally bequeathed then in trust to pay the same to his her or their child or children and if there be no issue then to his, her or their brothers or sisters and the issue of such of them as may then be deceased."

The ninth item of the will provides as to the distribution of the corpus, as follows:

"And from and after the decease of the survivor of my said children then in trust to convert all my said estate real and personal into money and divide the same amongst the devisees if any and the lineal heirs of such as may not leave a will of my aforesaid children to take only part and proportion of which such child had received the income, and if there be neither will nor lineal heirs of any of my said children the share of such child shall be divided amongst the legal heirs of any other children."

William C. Milligan died February 19, 1868, intestate, leaving seven children and four grandchildren, who were the children of a deceased child.

Eliza J. Robbins died November 19, 1884, testate, and without children, naming the children of her sisters and their issue as her "devisees," to share in the corpus of her father's estate.

Isabella M. Cross died April 27, 1895, intestate, leaving two children: (1) George W. Cross, who died May 30, 1905, before the period of distribution named in the will of Francis Milligan, leaving a daughter, Helen T. C. Hart, the appellant in this case, and (2) Mary M. Cross Lotz, who died January 25, 1902, without issue, leaving a last will, wherein she devised and bequeathed her entire estate to her husband, Thomas S. Lotz. The said Thomas S. Lotz died August 24, 1903, leaving a last will, naming his four sisters as his residuary legatees and devisees, and also nominating J. Theodore Smith as the executor of his estate, to whom letters testamentary have been granted.

Mary C. Ashmead died December 21, 1895, leaving a last will, wherein she named her two children as her devisees: Mary Ashmead and Frank M. Ashmead.

Charles W. Milligan died October 20, 1860, leaving a last will, wherein he named his six sisters as the devisees of his share. He left no children.

Frances A. Milligan died May 23, 1906, without issue, leaving a last will, naming a devisee of her share, but the name is immaterial in the consideration of this appeal.

Laura M. Armstrong, the surviving daughter of testator, died December 16, 1912, leaving a last will, naming her two sons as the devisees of her share, after the payment of certain bequests.

Emma S. Milligan died January 29, 1901, without issue, leaving a last will, naming certain devisees of her share, but their names are immaterial in the consideration of this appeal.

The trust terminated on December 16, 1912, upon the death of Mrs. Armstrong.

The second and final account of Girard Trust Company, Trustee, was filed on May 21, 1913. At the audit of said account on June 5, 1913, Mrs. Helen T. C. Hart, the present appellant, urged the interests passing under the will of Francis Milligan were contingent, and, there-

fore, claimed: (a) one-eighth of said estate as the only lineal heir of Isabella M. Cross, a daughter of decedent, who died intestate, to the exclusion of any interest passing under the will of the late Mary M. Cross Lotz, deceased; (b) an additional interest in said estate, to the exclusion of any interest passing under the will of the late Mrs. Lotz, in the "Charles W. Milligan-share" in said corpus; (c) one-fifth of one-eighth of said estate, to the exclusion of any interest passing under the will of the late Mrs. Lotz, in the "Eliza J. Robbins-share" in said corpus. The auditing judge found against said contentions, on the ground that said interests vested in the lifetime of Mrs. Lotz and passed under her will, and, therefore, he awarded the "Isabella M. Cross-share" in said estate equally to Mrs. Helen T. C. Hart and J. Theodore Smith, executor of the estate of Thomas S. Lotz, deceased. The adjudication sur said account was filed on July 22, 1913, holding that the residuary interests under the will of Francis Milligan, deceased, were vested. Exceptions to said adjudication were filed on behalf of Helen T. C. Hart, on July 31, 1913. A supplemental adjudication was filed on August 26, 1913, and exceptions thereto were filed on September 5, 1913, on behalf of Mrs. Helen T. C. Hart. The case was argued in the Orphans' Court on October 20, 1913. On November 15, 1913, an opinion was filed by the Orphans' Court, dismissing the said exceptions and confirming the adjudication and supplemental adjudication absolutely, and a decree was entered accordingly.

In disallowing the claims of the appellant the auditing judge said, inter alia:

"The will of Francis Milligan is somewhat inartificially drawn, but its meaning appears to the auditing judge to be free from doubt. By the seventh clause the testator gives his entire residuary estate to the trustee in trust to pay the income in equal shares to his eight children by name, 'for and during their natural lives'; in the event of the death of any child leaving a last will

in trust to pay 'his, her or their portions of the estate to
such person or persons and for such use or uses as he,
she or they may thereby direct and appoint'; in the
event of the death of any child without leaving a will,
etc., in trust to pay 'the same to his, her or their child
or children and if there be no issue then to his, her or
their brothers or sisters and the issue of such of them
as may be deceased.' That this clause only relates to
the income of the estate is apparent for in the ninth
clause of the will the testator expressly directs that the
trustee shall from and after the decease of the survivor
of his children convert his estate into money and divide
the same among the devisees if any and the lineal heirs
of such as may not leave a will of his aforesaid children.
This clearly shows that there can be no distribution of
principal until the specified time, and that the prior
clause relates to income only. If any confirmation of
this view is necessary it will be found in the language
of the seventh clause containing the directions (a) that
the payment of income to the children shall continue
during their respective lives; (b) that the share of the
children or their heirs shall be paid to them personally
or to their guardian or their attorneys-in-fact under
letters of attorney executed within six months preceding
a demand for payment under the same and 'no letter of
attorney shall be valid for more than one semi-annual
payment,' which obviously can refer only to payments
of income; (c) that if any of the children assign or
transfer their respective parts in the estate, the trustee
shall 'thereafter' pay such share or shares to the broth-
ers and sisters surviving; where the word 'thereafter'
must also refer to the continuing and successive pay-
ments of income rather than to the payment of a share
of the principal; (d) the question was raised after the
death of Charles W. Milligan when his administrator
c. t. a. claimed one-eighth of the principal and the claim
was rejected by the auditor, Furman Shepard, Esq., in

his report filed in 1862, which decision has been acquiesced in for sixty years.

"Upon the death then of the last survivor, Mrs. Armstrong, on December 16, 1912, the principal became divisible according to the will of the testator 'among the devisees if any, and the lineal heirs of such as may not leave a will.'

"What is meant by this remainder to 'devisees of the children'? Charles W. Milligan died in 1860 and in his will did not refer to the provisions of the will of Francis Milligan nor did he refer to the estate of the latter. He merely gave and devised all his estate to his sisters. If the will of Francis Milligan be regarded as conferring merely and strictly a power of appointment upon Charles, the will of Charles having been executed before the Act of June 4, 1879, P. L. 88, Stew. Purd. 5145, would not operate as an execution of the power, and this share of the estate would be divided 'among the legal heirs of any other children.' But the direction in the will of Francis Milligan is to divide the estate 'among the devisees if any and the lineal heirs of such as may not leave a will of my aforesaid children.' Charles W. Milligan by his will distinctly named his sisters as devisees, and there is no reason for the application of the technical doctrine of powers. The 'devisees' in one case and the 'heirs' in the other are designated in the will as the persons who are to take at the deaths of the children. These are words of description just as if Francis Milligan had limited the remainder to children or sons or daughters or grandchildren, and the only question is whether there are any persons who come within the terms of the gift. The auditing judge has not been able to find any decision in Pennsylvania on this somewhat unusual point, but reference may be made to Drake v. Pell, 3 Edw. Ch. (N. Y.) 251, 270, at page 207. Of course this construction of the will of Francis Milligan does not preclude the right on the part of any of his children to designate the devisees who are to take by the

more technical means of the exercise of the power of appointment.

"The will of Eliza J. Robbins directed, 'After the death of all my sisters the principal of my share of my father's estate shall be equally divided among their children, but if any of these said children shall be deceased at the time of this division leaving lawful issue the child or children of deceased child shall receive the parent's 'share.' The children of her sisters were at the time of the death of Mrs. Robbins, in 1884, George W. Cross and Mary M. Cross Lotz, children of Isabella M. Cross, Mary and Frank M. Ashmead, children of Mary C. Ashmead, and Samuel T. and Francis C. Armstrong, children of Laura M. Armstrong. Of these George W. Cross died before the death of Mrs. Armstrong, the time fixed for the division of the estate, leaving one child, Helen T. C. Hart, now living, and Mary M. Lotz, who died in 1902, leaving no issue, but a will of which her husband was executor and under which he was sole legatee. His interest is represented by his executor, J. Theodore Smith. If all of the six children of the sisters were living, the share over which Mrs. Robbins had a power of appointment would be equally divisible among them, and this would be so whether her will contemplated a stirpital or a capital division, though on this point a distribution per capita would seem to follow from Hartley's Est., 22 D. R. 417.

"So far as Helen T. C. Hart is concerned, the provision of Mrs. Robbin's will applies, that 'if any of these said children shall be deceased at the time of the division leaving lawful issue, then the child or children of deceased child. shall receive the parent's share'; and the question arises as to the participation or exclusion of Mary M. Cross Lotz or her estate. Notwithstanding the elaborate argument presented by the learned counsel for Helen T. C. Hart, the auditing judge is unable to perceive any distinction between this case and Carstensen's Est., 196 Pa. 325, where the language of the will is very

similar.   The auditing judge, in Burk's Est., 21 D. R. 357, where a like question arose considered the authorities, and any extended discussion of them is perhaps unnecessary.   What Mrs. Robbins intended by her will was to give this share of the estate to the children of her sisters, and contemplating the possibility that some of them might die before Mrs. Armstrong, provided that if any should be then deceased leaving issue, the child or children of a deceased child should receive the parent's share.   This was a substitutionary gift in favor of such issue, but was not intended to divest the shares of those who died without issue.   In other words, the gift in favor of the children of children who left children did not affect the shares of children who died without leaving children.   In Rosengarten v. Ashton, 228 Pa. 389, cited by Mr. Rumsey, the trust was upon the death of the last child to pay over and distribute the estate to all of the testator's grandchildren and the issue of such as may be dead, such issue to take the share the parent would have taken if living.   As was observed in that case, while the testator does not expressly say that the remaindermen are to be grandchildren then living and the issue of those deceased, no other intention is to be gathered from the words of the will; whereas in the present case the gift is distinctly to the children of the sisters, not to those of them who may then be living.   It does not affect the question that Mrs. Robbins was merely exercising a power of appointment.   Her will must be read in connection with that of the donor of the power.   If Francis Milligan had in his will given the estate on the death of the last surviving daughters to their children equally there could be no doubt that the remainder would have vested in all the children living at his death and all those who might be subsequently born before the date fixed for distribution.   Hawkins on Wills, (Sword's Ed.) 72; Wetherill's Est., 214 Pa. 150. And the rule undoubtedly applies in the case of Powers; Hawkins on Wills, 73.   Reference may also be made to

Grier's Est., 10 D. R. 354, and Algaier's Est., 16 D. R. 913.

"The share passing under Mrs. Robbins' will must therefore be awarded in sixth equal shares instead of fifths, among Frances C. Armstrong, Samuel T. Armstrong, Frank M. Ashmead, Mary Ashmead, Helen T. C. Hart and J. Theodore Smith, as executor of Thomas S. Lotz, deceased, he being the sole legatee under the will of Mary M. Cross Lotz; for as she died in January, 1902, it is reasonable to presume, after this lapse of time, that no debts exist which would make it necessary to award her share to an administrator d. b. n. c. t. a. of her estate."

The court dismissed the exceptions.

*Errors assigned* were in dismissing the exceptions.

*Horace M. Rumsey*, for appellant.

*Andrew A. Leiser*, with him *Andrew A. Leiser, Jr.*, for appellee.

OPINION BY MR. JUSTICE BROWN, February 9, 1914:

Clear as was the intention of Francis Milligan, the testator, who died in 1846, that the corpus of his estate should remain intact until the death of the last of his eight children, it is equally clear he intended that interests in that corpus should vest before the period which he fixed for distribution. His intention must prevail, and, as it is so manifest, the rule of construction that the law favors a vested rather than a contingent estate, has no place on this appeal. Upon the death of each child it was instantly known who would take that child's "share," as the testator termed it, in his estate when it was to be distributed upon the death of the last of his children. The share of each deceased child was directed by the testator to go to his or her "devisees," or, if dying intestate, to his or her lineal

heirs, or, if dying without such heirs, then to the legal heirs of the other children of the testator. When Charles W. Milligan died, in 1860, and gave his entire estate to his six sisters, each took a vested one forty-eighth interest in the corpus of the father's estate, though the enjoyment of it by her legatees or next of kin was to be postponed until the time of distribution. Upon the death of Eliza J. Robbins, in 1884, by the terms of her will, written in pursuance of authority given to her by her father, her one-eighth share in the principal of his estate passed at once to the children of her five surviving sisters, in the same way that the share of the son Charles W. had passed to the six sisters. Isabella M. Cross, the next of the daughters of the testator to die, was the grandmother of the appellant. She died intestate in 1895, leaving to survive her a son, appellant's father, who died in 1905, and a daughter, Mary M. Cross Lotz, who died without issue in 1902, having left her entire estate to her husband. Upon the death of Mrs. Cross there passed, under the intestate laws, to her daughter Mary one-half of the interest which she had acquired in the corpus of her father's estate under the will of her brother Charles; and there further passed, at the same time, to the daughter Mary a one-sixteenth interest in that corpus, for her grandfather had so directed in his will, if her mother should die intestate. What the daughter thus acquired, under the intestate laws and under the will of her aunt Eliza, passed under her will to her husband, and, on the distribution of the fund in the hands of the trustee, the court below properly awarded to his executor what would have gone to her if living. Her interest in the principal of her grandfather's estate was not contingent upon her living at the time of distribution, as learned counsel for appellant earnestly contend. Upon the death of her aunt Eliza and her mother she acquired absolute, substantive interests in her grandfather's estate, to be paid to her in the future, and those interests

must, under all the authorities, be regarded as having vested in her lifetime. She did not take under the mere direction of her grandfather that his estate should be divided upon the death of his last child, but acquired interests in it many years before the time fixed by him for distribution, and in the ways in which he declared she would acquire them. In Rosengarten v. Ashton, 228 Pa. 389, upon which counsel for appellant seem to place much reliance in support of their appeal, the situation was very different. The time for distribution was there fixed as the time when the interests vested because of the clearly indicated intention of the testator that a grandchild should take only if living at the time of the death of his last child. It is needless to say more in vindication of the opinion of the learned adjudicating judge, approved by the court below on banc.

Appeal dismissed and decree affirmed at appellant's costs.