# Bailey's Estate.

*Wills—Construction—Estate for life—Rule in Shelley's Case.*

Testatrix gave to her son all the income of her real estate, bonds, mortgages, notes, etc., during his natural life. At his death she directed that all of her real estate, bonds, notes, mortgages, etc., and money, should be divided equally among the children of the son, "or their heirs, if children be not living." She further provided that if the son had no heirs "living at the time of his death, then all moneys received as above stated shall be divided equally share and share alike between my brothers and sisters" living at the time of the death of the son. She further authorized her executor to sell at any time any bonds, mortgages, notes, etc., and that he should have charge of all property until the death of the son. *Held,* (1) that the son took a life estate and no more; (2) that as the devise was to the son and at his death to his children, or their heirs, and not to his heirs, the rule in Shelley's Case did not operate; (3) that as the estates of the father and children were not of the same quality the rule in Shelley's Case could not apply.

Argued April 18, 1916. Appeal, No. 73, April T., 1916, by Francis Rea Bailey, from decree of O. C. Washington Co., Nov. T., 1914, No. 33, dismissing exceptions to auditor's report in case of Mary Elizabeth Bailey, deceased. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Exceptions to report of Harry D. Hamilton, Esq., auditor.

MCILVAINE, P. J., filed the following opinion:

Mary Elizabeth Bailey died on the 8th day of July, 1911, leaving to survive her an only child, Francis Rea Bailey, who is married, and at the time of her death had two children living, to wit, Olive Elizabeth, born on April 16, 1903, and Florence Eveline, born on April 26, 1911; he has had born to him and his wife one child since the death of his mother, Mary Elizabeth Bailey, to wit, John Marshall, born on April 22, 1914. Francis

Rea Bailey is still living and is the exceptant in this pro-
ceeding. Olive Elizabeth Bailey, Florence Eveline
Bailey and John Marshall Bailey have for their guard-
ian Fred C. Houston, Esq.

Mary Elizabeth Bailey on the 7th day of July, 1911,
made her last will and testament which was duly pro-
bated in the register's office of this county and letters
testamentary issued to the accountant in this proceeding,
Thomas H. Huber.

The second paragraph in the will of Mary Elizabeth
Bailey provides as follows:

"Second. I give, bequeath and devise to my son,
Francis Rea Bailey all income of all my real estate,
bonds, mortgages, notes, etc., during his natural lifetime,
at his death all my real estate, bonds, mortgages, notes,
etc., shall be sold within two years and all moneys re-
ceived from sale of such real estate, bonds, mortgages,
notes, etc., together with whatever moneys I may have
shall be divided equally between the children of Francis
Rea Bailey, or their heirs, if children be not living.

"Provided, If Francis Rea Bailey has no heirs living
at time of his death then all moneys received as above
stated shall be divided equally share and share alike be-
tween my brothers and sisters and their heirs that are
living at time of death of Francis Rea Bailey.

"Sixth. Should my executor at any time think best to
sell any bonds, mortgages, notes, etc., for safety of value
of same he shall have power so to do, he shall have charge
of all property until death of Francis Rea Bailey."

The executor to the above number and term settled his
second account, to which Francis Rea Bailey, among
others, filed the following exceptions:

"2. The accountant erred in reporting the sum of $1,-
141.97 as a balance payable to 'F. Rea Bailey, life ten-
ant,' said sum being due to him as owner in fee under the
will of testator. 3. The accountant erred in not showing
that there was due and payable at this time not only
said $1,141.97, but also the balance of $19.92, and also

all principal sums in his hands as executor, to wit, the sum of $3,030.67, to said F. Rea Bailey, devisee and legatee in fee simple and absolutely, under the will in this case, which will and the provisions thereof gave to the said F. Rea Bailey, alias Francis Rea Bailey, the entire estate of the testator in fee and absolutely."

Besides the personal property, consisting of bonds, mortgages, notes, etc., Mary Elizabeth Bailey died seized of a tract of land containing 132 acres in Smith Township in this county.

The question for decision is whether or not Francis Rea Bailey, under the will of his mother, is the owner in fee simple of the real estate of which she died seized and is entitled to take all the money now in the hands of the executor, as shown by his account, absolutely, or does he only have the income from the real estate during his life and the interest derived from the bonds, mortgages and notes which came into the possession of the executor?

An auditor was appointed to pass upon the exceptions filed to the account of the executor, and, having found adversely to the exceptant, exceptions to his report have been filed in this court raising the same question which was raised before the auditor. The basis of the contention of the exceptant is the rule in Shelley's Case and its effect upon the construction of the will of Mary Elizabeth Bailey.

It is always a precedent question in any case to which it is supposed the rule in Shelley's Case is applicable, whether the limitation of the remainder is made to the heirs in fee or in tail, as such. And in solving this question the rule itself renders no assistance. The first thing for the court to do is to determine the intention of the grantor or testator. That is, to find from the language of the deed or will whether the remaindermen are to take as heirs of the grantee or devisees of the particular freehold, or are they to become the root of a new succession. If the clear intention of the testator is to make the re-

maindermen the root of a new succession, then the rule does not apply. Otherwise it does apply, though it may defeat the manifest intention that the first taker should have but an estate for life. It is very carefully to be noted, that in searching for the intention of the donor or testator, the inquiry is not whether the remaindermen are the persons who would have been heirs had the fee been limited directly to the ancestor. The thing to be sought for is not the persons who are directed to take the remainder, but the character in which the donor or testator intended they should take. The difficulty in most of these will controversies is in determining whether the intention of the testator was that the remaindermen should take as heirs of the first taker or originally as the stock of a new inheritance.

In the case at bar the question therefore is, do the children of Francis Rea Bailey (of whom Mr. Houston is guardian) as remaindermen take as heirs of their father, or was it the intention of their grandmother, the testatrix, that they should take from her and thus become the root of a new succession. From a careful reading of the language used by the testatrix in her will we are of opinion that she intended to limit the interest of her son to the income of her estate during his natural life and that at his death her estate should go to his children as her devisees or legatees, and that they were not to take from their father. If this was her intention, then the rule in Shelley's Case has no application. It will be noticed first in construing this will; that she did not give her farm and her bonds, mortgages and notes to her son during his natural life. What she gave to him was the income of her real estate and her bonds, mortgages and notes. More than that, during his life she put her real estate and her bonds, mortgages and notes—all her property—in charge of Thomas H. Huber, her executor, with power at his discretion at any time to sell any of the bonds, mortgages or notes, if the safety of the investments required it. The will also directed that at the

death of Francis Rea Bailey all the property, real estate,
bonds, mortgages and notes, should be turned into money
and that the money should be equally divided between
the children of the said Francis Rea Bailey, or, if they
were dead, then among their heirs. With these provis-
ions in the will, it is clear to our mind that the testatrix
intended to limit the interest of her son in her estate to
the income which the executor in the active management
of that estate should derive during his lifetime, and that
she intended that the children of her son, those living
and those that might be born after her death, should
take from her their respective shares in the proceeds of
her estate after the executor had converted it into money,
and that the share of any one that might die should go
to its heirs. We are also of the opinion that this inten-
tion was in no way modified by the provision in the will
which follows this disposition of her estate, to wit:
"Provided, if Francis Rea Bailey has no heirs living at
time of his death then all moneys received as above stated
shall be divided equally share and share alike between
my brothers and sisters and their heirs that are living
at time of death of Francis Rea Bailey." Taken in con-
nection with what precedes this in her will, this latter
provision only means that if Francis Rea Bailey's chil-
dren living at the death of the testatrix and any children
that might be born to him after her death were dead at
his death and they left no heirs such as would take under
the previous clause of her will as remaindermen from
her, then she desired her estate to go to her brothers
and sisters and their heirs. In other words, the will of
Mary Elizabeth Bailey gave her entire estate, consisting
of real estate, bonds, mortgages and notes, into the hands
of Thomas H. Huber, her executor, with power to change
the investments which she had made in bonds, mortgages
and notes, and with power to rent the farm, and to pay
the income that he would derive from the bonds, mort-
gages and notes and from the farm, to her son, Francis
Rea Bailey, during his life, and that within two years

after his death to convert the bonds, mortgages and notes, as well as the real estate, into money, and then distribute it to the children of her son or to their heirs if they left any children; if not, then to her brothers and sisters and their heirs; and that the executor had an interest in the estate thus committed to his charge such as made him a trustee to see that the intention of the testatrix, as we have found it to be, was executed.

If we have made no mistake in discovering the intention of the testatrix, Mary Elizabeth Bailey, then the rule in Shelley's Case has no application and the exceptions to the auditor's report should be dismissed.

And now, September 29, 1915, the exceptions to the auditor's report came on to be heard and were argued by counsel, whereupon, upon due consideration, it is ordered, adjudged and decreed that the same be overruled, the report confirmed absolutely, and that distribution of the money in the hands of the executors be made in accordance with the auditor's report.

*Error assigned* was in dismissing exceptions to auditor's report.

*Geo. D. Howell,* with him *H. Russell Myers,* for appellant.—"Children" are the equivalent of "heirs" in this case: Workingmen's Protection & Building Assn. v. Hausman, 8 W. N. C. 517; Price v. Taylor, 28 Pa. 95; Pott's App., 30 Pa. 168; McKee v. McKinley, 33 Pa. 92; Haldeman v. Haldeman, 40 Pa. 29; Physick's App., 50 Pa. 128; William's App., 83 Pa. 377; Mason v. Ammon, 117 Pa. 127; Robinson's Est., 149 Pa. 418; Potts v. Kline, 174 Pa. 513; Sheeley v. Neidhammer, 182 Pa. 163; Braden v. Cannon, 24 Pa. 168; Brinton v. Martin, 197 Pa. 615; Shapley v. Diehl, 203 Pa. 566; Simpson v. Reed, 205 Pa. 53; Seybert v. Hibbert, 5 Pa. Superior Ct. 537; Pifer v. Locke, 205 Pa. 616; Asper v. Stewart, 246 Pa. 251; A. H. L. v. Liggett, 246 Pa. 246; Keim's App.,

17, (1916).]    Arguments—Opinion of the Court.

125 Pa. 480; Hileman v.. Bouslaugh, 13 Pa. 344; Kirby's Est., 235 Pa. 542; Gilland v. Hallett, 240 Pa. 268.

*Edgar B. Murdoch,* with him *John H. Murdoch* and *John H. Murdoch, Jr.,* for appellee.—The rule in Shelley's Case is not applicable to the will of Mary Elizabeth Bailey for the reason that a study of the will results in the conclusion that the purpose and intention of the testatrix would not be fulfilled by an interpretation of her will such as would allow the rule to be applied.

The rule in Shelley's Case is not a rule for the interpretation of a will or deed, but is a rule of law to be applied after the interpretation has been determined: Stout v. Good, 245 Pa. 383; Guthrie's App., 37 Pa. 9; Shapley v. Diehl, 203 Pa. 566; McCann v. McCann, 197 Pa. 452; Sheet's Est., 52 Pa. 257; Powell v. Board of Domestic Missions, 49 Pa. 46; Chambers v. Union Trust Company, 235 Pa. 610; Carlisle v. Carlisle, 243 Pa. 116.

OPINION BY WILLIAMS, J., July 18, 1916:

The six assignments of error will be considered together, as they raise but a single question, viz: What estate did the appellant take under his mother's will? The answer must be found in the second and sixth clauses of the will, which are as follows: "Second. I give, bequeath and devise to my son, Francis Ray Bailey all income of all my real estate, Bonds, Mortgages, Notes, etc., during his natural lifetime, at his death all my real estate, Bonds, Mortgages, Notes, etc., shall be sold within two years and all moneys received from sale of such real estate, Bonds, Mortgages, Notes, etc., together with whatever money I may have shall be divided equally between the children of Francis Ray Bailey, or their heirs, if children be not living. Provided, If Francis Ray Bailey has no heirs living at time of his death then all moneys received as above stated shall be divided equally share and share alike between my brothers and sisters and their heirs that are living at time of death of Francis

Ray Bailey." "Sixth. Should my executor at any time think best to sell any Bonds, Mortgages, Notes, etc., for safety of value of same he shall have power so to do, he shall have charge of all property until death of Francis Ray Bailey."

From a reading of the clauses the only conclusion is, that the mother intended to give to the appellant a life estate and no more. Has she then, by the use of technical words, brought into operation the rule in Shelley's Case. We think not. The devise is to Francis for life and at his death to his children or their heirs. It is to be noted that it is a gift to the heirs of the children and not to the heirs of Francis.

Nothing further need be added to the opinion of the learned court below except, that as the estates of the father and the children are not of the same quality, the rule in Shelley's Case cannot apply: Eshbach's Estate, 197 Pa. 153; Xander v. Easton Trust Co., 217 Pa. 485.

The appeal is dismissed.