## Schulze et al. v. Schulze Dyeing Company

*George B. Balmer,* for petitioner.

*P. Herbert Reigner,* for Commonwealth.

*Samuel E. Bertolet,* for Otto Reismann.

SCHAEFER, P. J., February 8, 1935.—On February 10, 1933, the report of the auditor appointed by this court in the matter of the account of Raymond S. Heckman, receiver of the Schulze Dyeing Company, was confirmed absolutely by the court and it became the duty of the receiver to pay out the money in his hands in accordance with that report. It appears that the receiver had these funds upon deposit with the Reading National Bank & Trust Company and that on February 28, 1933, the bank closed its doors. During this interval of time the receiver made no payments to the parties entitled. We have now before us a rule upon the receiver and his surety to show cause why he should not pay the award of $418 to the Commonwealth of Pennsylvania. In his answer to the petition the receiver admits all the allegations of the petition and avers that he has not paid the award because his moneys which were on deposit in the Reading National Bank & Trust Company are in the custody of a conservator appointed by the Comptroller of the Currency of the United States.

We have also before us the petition of the receiver setting forth the receipt of a dividend of $347.80 on account of his deposit and praying for instructions as to its disbursement.

Nothing that the receiver has averred amounts to an excuse in law for not having made the distribution in accordance with the confirmed report. The decree confirming that report had the force and effect of a judgment and is conclusive and res judicata unless set aside for proper cause or reversed upon appeal: McKinney's Estate, 260 Pa. 123, 127; Newbold's Estate, 25 Dist. R. 194; 65 C. J. 940. Whatever his reason for delay, the chance he ran was his own; he cannot now be heard to assert that the loss due to his delay should fall

upon those who according to the decree of the court were entitled to the fund. He has not shown that, in delaying to make payment, he was acting in the interest of the beneficiaries under the decree. A fiduciary who uses the fund intrusted to his care for his own benefit or for the benefit of some one other than the beneficiaries for whom he holds it, and thereby suffers an impairment of the fund, becomes personally liable for such loss.

The auditor's report, which was confirmed, shows but 13 distributees entitled to the entire fund. We cannot hold that 17 days was a space of time reasonably required by the receiver in which to make out 13 checks and to mail them to the persons entitled. The loss, resulting from the closing of the bank after the receiver had more than a reasonably necessary time for the distribution, must be held to be his loss and not the loss of the distributees entitled thereto: Surratt et al. v. State, to use, (Md.) 175 Atl. 191.

And now, to wit, February 8, 1935, the rule to show cause why the award of $418 should not be paid over by him to the Commonwealth of Pennsylvania is made absolute; and the receiver's petition for instructions is dismissed.