## Connell Estate

*James K. Peck*, for estate.

*H. R. Van Deusen, Jr.*, guardian ad litem.

BRADY, P. J., November 2, 1956.—Exceptions were filed to the adjudication entered July 6, 1956, on the audit of the seventh partial account and supplemental account thereto of the trustees under the will of Alfred E. Connell, deceased. The latter account was filed by Edwin E. Connell, Janet Connell Jermyn and Eleanor C. Dreher covering the period from February 11, 1950, the date of death of Jane H. Connell, a cotrustee and life beneficiary of the trust created by her husband's will.

The exceptions were taken by H. R. Van Deusen, Jr., Esq., appointed guardian ad litem for minor children, parties in interest and other persons in posse.

After argument and consideration of the briefs presented by the respective counsel for the accountants and the guardian ad litem sur the exceptions, the court in this opinion rules the exceptions are of merit and should be sustained and the decree of distribution modified.

Exception 5. "The court has erred in the award in not carrying out the intent of the testator, as expressed in Paragraph Second (c) of his will", encompasses the other four exceptions.

Paragraph second (*c*) of the will of testator reads as follows:

"(c) After the death of my said wife my estate shall be divided into four equal trusts—one for my son, Edwin E. Connell; one for my daughter, Janet Connell Jermyn, one for my daughter, Eleanor Connell Dreher and one for my son, Alfred H. Connell. The income from all of the said trusts shall be paid quarterly to the beneficiaries during the natural life of said beneficiary and after the death of any beneficiary the principal and any undistributed income from the trusts set apart for said beneficiary shall be paid to the surviving children or descendants of the children of said beneficiary per stirpes. Should any beneficiary die without leaving descendants, the trust held for such beneficiary shall be distributed, among my remaining children or their descendants per stirpes."

Counsel for the accountant-trustees presented at the audit the question. "Does the above provision [Section (c)] in the will create an estate in fee tail so that when the life estate of Jane H. Connell, widow of Alfred E. Connell, terminated upon her death, their three surviving children would receive a vested interest in the estate and final distribution made to the said three children?"

Convincing argument, primarily based on the case of Mason v. Ammon, 117 Pa. 127, that the effect of testator's disposition and the application of the rule in Shelley's case was the creation of a fee tail in testator's children, enlarged into a fee simple under the Act of April 27, 1855, P. L. 368, 68 PS §124, moved the auditing judge into error.

Testator died March 17, 1925; his son, Alfred H. Connell, died May 10, 1927, leaving no wife or descendants; Jane H. Connell, widow of the testator, died February 11, 1950.

Edwin E. Connell, Janet Connell Jermyn and Eleanor Connell Dreher are the present accountant-trustees and life beneficiaries of the trust. There are in esse adult grandchildren and minor great-grandchildren of testator, descendants of testator's daughters, Janet Connell Jermyn and Eleanor Connell Dreher.

Granted that neither the Act of July 15, 1935, P. L. 1013, 20 PS §229, nor the Wills Act of April 24, 1947, P. L. 89, sec. 16, 20 PS §180.16, have retroactive effect, in abrogation of the rule in Shelley's case. Testator died in 1925.

But the rule in Shelley's case should not have been applied, since the life estates of testator's children are equitable and the remainders to the grandchildren are legal: ". . . surviving children or descendants of the *children of said beneficiary* per stirpes": Whiteley's Estate, 273 Pa. 364, and cases therein cited; Van Syckel's Trust, 319 Pa. 347; Xander v. Easton Trust Co., 217 Pa. 485; American Law of Property, vol. 1, §4.46. Further, the trust was active; the trustees are to "invest" and "reinvest" and use "discretion" in allocation of principal and income on dividends: Xander v. Easton Trust Co., 217 Pa. 485; Hemphill's Estate, 180 Pa. 95.

Assuming the life and remainder estates were of the same quality, all legal, the case of Giffin's Estate, 138 Pa. 327, would virtually rule on such assumption. In that case the will provided: "I give and devise unto my daughter, Mrs. Louisa Rankin, during her natural lifetime . . . the farm . . . and at her decease the same to go to her children and their descendants; and if she should die without leaving any such, then the

same to revert to my estate, and be equally divided between my other children." It was there contended that the words "children and their descendants" as used in the devise to the daughter were synonymous with "heirs of the body" and that under the rule in Shelley's case the devise to her was in fee tail, which under the Act of 1855, was enlarged to a fee simple. The opinion of the orphans' court, affirmed per curiam, said:

"It is claimed that the words, 'and their descendants,' following the word children, in the devise to Mrs. Rankin, indicate an intention to use the latter as a word of limitation. The cases cited to support this position would be in point, if the devise had been to Mrs. Rankin for life and upon her death to her descendants. The devise, however, is to her for life, and at her decease to her children and their, not her, descendants. The limitation being to the descendants of the remainder-men, shows that it was the intention of the testatrix that Mrs. Rankin's children should become the root of a new succession, and take under the will as purchasers and not as her heirs. The rule in Shelley's Case does not therefore apply: Guthrie's App., 37 Pa. 13; and, as Mrs. Rankin is entitled only to the income of the fund for life, her petition must be dismissed."

In the instant matter the questioned words read: ". . . The income from all of the said trusts shall be paid quarterly to the beneficiaries during the natural life of said beneficiary and after death of any beneficiary the principal . . . shall be paid to the surviving children or *descendants of the children of said beneficiary per stirpes*." The root of a new succession would be in the grandchildren as purchasers and not as heirs.

As to the corpus of the trust directed for Alfred H. Connell, son of testator, since the son died without

children or descendants, one quarter of the trust fund, under the alternative limitation over, as provided in paragraph second (c): "Should any beneficiary die without leaving descendants, the trust held for such beneficiary shall be distributed among my remaining children or their descendants", shall be awarded to Edwin E. Connell, Janet Connell Jermyn and Eleanor Connell Dreher, equally.

Further, the trustees must, in conformity with the disposition of their father, testator, establish with the remaining three quarters of the fund three equal trust funds, one for each of their lives.

Whether the rule in Shelley's case applies to personal property need not be answered. . . .