Sharadin Estate.

Argued December 9, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*K. Bryan,* with him *Wallace M. Keely,* for appellants.

*Bronte Greenwood,* with him *Henry M. Keller* and *Willard, Greenwood & Willard,* for appellee.

OPINION BY HIRT, J., March 3, 1944:

This appeal involves the construction of the will of Ralph C. Sharadin dated March 28, 1940. He died February 13, 1941 unmarried and without issue. The will is inartistically drawn and after three bequests of $100 each to named beneficiaries, provides: "Balance of monies after my Funeral Expenses and incidental expenses are paid, balance to be divided up evenly between my nephew John L. Sharadin and my niece Mrs. Raymond Conrad of Kutztown, Pa. Or to revert to either of the forementioned who survive." There follows a bequest of $100 "to my dear friend Mr. Albert R. Clayton"; and then this disputed provision of the will: "I hereby appoint as my sole executor without bond Mr. Albert R. Clayton of Philadelphia, Pennsylvania. All of my insurance policies regardless as to beneficiary or beneficiaries, all insurance policies to be paid in full to my executor Mr. Albert R. Clayton of Philadelphia, Pennsylvania." Decedent's insurance policies amounting to $6,704 were payable to his estate. Including the proceeds of these policies the total assets of the estate were $7,113.26; the payment of debts left $4,173.33 for distribution. The lower court awarded this balance to Albert R. Clayton personally as beneficial legatee of the insurance monies. Appellants contend that the bequest was to him in trust as a fiduciary for administration and distribution of the unexpended

balance to them as residuary legatees. The decree will be reversed.

The conclusion of the lower court ignores fundamental principles. The universal rule in construing a will requires that, if possible, effect shall be given to every part of it. *Friday's Estate,* 150 Pa. Superior Ct. 352, 28 A. 2d 332 in the construction of a will, every intendment is to be made in favor of heirs or next of kin. *Wood's Estate,* 321 Pa. 164, 184 A. 113. An heir at law cannot be disinherited except by express words or necessary implication. *Potter's Estate,* 257 Pa. 468, 101 A. 758. Our duty is to ascertain the intention of the testator from the will in the light of these principles as well as the attending circumstances. *Brennan's Estate,* 324 Pa. 410, 188 A. 160.

When testator drew his will, somewhat less than a year before his death, he must have known that after payment of his debts the proceeds of his life insurance would constitute the whole of his estate for distribution. If Clayton is to receive the fund as beneficiary, the bequests to testator's niece and his nephew are but empty words. There is intrinsic evidence in the will as a whole that he did not so intend. If Clayton is to receive the whole of the proceeds of insurance, the bequest of $100 to him was redundant for it could be paid only from that fund. Testator referred to Clayton as "My dear friend" in bequeathing him $100; but in referring to insurance monies, directed merely that they be paid "to my executor, Mr. Albert R. Clayton of Philadelphia, Pennsylvania." One would expect an expression of friendship as the reason for the bequest of about $6,700 (less decedent's debts and prior specific bequests) if it was so intended rather than as the motive which prompted the gift of $100. It is clear that when the testator referred to "my executor" in disposing of the bulk of his estate, he intended that it should go to his

named executor as fiduciary as distinguished from the former gift to Clayton as beneficial legatee.

The applicable rules of construction support this conclusion. Where one is a blood relative he may take beneficially although described as executor in the dispositive language, if that intention is clear. *Kent's Estate,* 13 D. & C. 196, (GEST, J.). But in view of the fiduciary status of an executor it is a salutory general principle of law that a bequest to an executor is presumed to be given to him in trust for purposes of administration of the estate and distribution under the will. To justify a court in construing the bequest as a gift to the person so described, there must be language in the will which clearly indicates that intent. *Thomas v. Anderson,* 245 Fed. 642; 69 C. J. 223; annotation, 104 A. L. R. 111. Cf. *Dormer Estate,* 348 Pa. 356, 35 A. 2d 299. There is nothing in the will in question or the attending circumstances which indicates a gift to the executor other than as fiduciary.

The decree is reversed at the costs of the estate; distribution is ordered accordingly.