**Sorschek Estate**

Before Klein, P. J., Bolger, Lefever, Saylor, Shoyer, and Burke, JJ.

*William F. Scheid, Jr.*, for exceptant.

*John H. Archer*, and *Herbert Bass*, for *MacCoy, Evans & Lewis*, contra.

SAYLOR, J., November 5, 1965.—Paula Roseling, a legatee-executrix, has filed exceptions to an adjudication wherein the judge auditing her account determined that two bequests to her were of a residuary nature and not specific bequests as she had contended. The result is that she will receive nothing other than commissions as executrix, because the net estate is insufficient to pay the specific legacies.

Decedent in her holographic will of August 27, 1953, said "I . . . do hereby leave all of my estate, real, personal & mixed as follows . . ." She then made to relatives and friends these gifts: To two sisters, three nieces and friends, her entire holdings in shares of stock of six corporations; to two friends, $500 each from her "bank deposits"; to a former brother-in-law and his wife, a life interest in real estate with remainder to two charitable institutions, to which the property was awarded when the life tenants disclaimed any interest therein; her personal belongings to friends and relatives as chosen by Paula Roseling, whom she designated as her executrix.

The final sentences of the will read: "What is left of the monies, I leave to my friend Paula Roseling. This is my all & only will to date".

On August 28, 1964, testatrix executed a codicil to the will where she referred to her late husband's estate and then added: "The part of his estate which is coming to me I want to be taken for payment of the various inheritance taxes to my beneficiaries. What is left if any belongs to my executrix."

Exceptant contends that the provision that "what is

left of the monies, I leave to my friend Paula Roseling" makes reference to the "bank deposits" referred to in a prior paragraph giving two $500 legacies out of such deposits. Actually, that paragraph, although unnumbered in the will, is the eighth, while the one containing "monies" is the twelfth therein.

The auditing judge said that had testatrix intended to identify the *deposits*, she knew how to do so. Hence, the different word "monies" when used in context showed a clear intention to create a residuary gift. There is much authority for that conclusion. In Lewis Estate, 407 Pa. 518 (1962), involving a holographic will, it was said, at page 521:

". . . where a testator indicates an intention to dispose of his entire estate by a gift of 'money', especially if the gift as here is in a residuary clause, a gift of money will pass all his personal property or all the rest of his personal property, as the case may be. . . ."

In Ingham's Estate, 315 Pa. 293 (1934), it was held that the words in the last paragraph of a holographic will reading, "What is left of my money after my debts are paid . . .", constituted a clause residuary in nature and sufficient to pass not only cash and money on deposit, but also stocks and bonds. At page 296 the court said:

"Hence, when she employed those words at the end of her will, the natural location of a residuary clause, there can be no doubt that she meant thereby to dispose of the entire residue of her estate after the payment of her debts and the satisfaction of the legacies enumerated in the preceding clauses."

In Talbot v. Anderson, 292 Pa. 454 (1928), it was held that even real estate was included as part of the entire residue where testatrix, after making numerous specific bequests, provided that, "If there is any money left after everything is paid from my estate I would like it to be given to . . ." It is not necessary to go that

far here, for the only real estate was specifically devised.

No additional citation of authority is needed to define the word "monies" as including all personal property not specifically bequeathed by testatrix. So to find establishes her gift to Paula Roseling as a gift of her residuary estate.

In this Commonwealth, the courts have long sustained the presumption that a testator intends to dispose of his entire estate: Ingham's Estate, supra. In the will before us, it is reasonable to construe testatrix' words as intending to avoid an intestacy. The words she employed at the end of her will, after making nine bequests and one devise, are entitled to a broad rather than a narrow interpretation, in order to avoid an intestacy which otherwise would exist as there is no other language in the will so providing: Fuller's Estate, 225 Pa. 626 (1909); Carson's Estate, 130 Pa. Superior Ct. 133; Bricker's Estate, 335 Pa. 300 (1939).

Likewise, the final paragraph in the codicil contains a residuary clause. A specific legacy is not given therein. How otherwise can the phrase, "What is left if any . . .", be read than as a gift of the balance on hand in funds from decedent's husband's estate after payment of taxes due by her own estate? That the bequest is to the executrix rather than to "my friend Paula Roseling" makes no difference, as the auditing judge said. Even were it not found to be a residuary gift, it would go to Paula in her fiduciary capacity and not to her as an individual and, consequently, would fall into the residuary estate.

In Sharadin Estate, 154 Pa. Superior Ct. 475 (1944), a gift to "my dear friend" who was named as executor, of "All my insurance policies regardless as to beneficiary or beneficiaries, all insurance policies to be paid in full to my executor, Mr. Albert R. Clayton", was held to be a gift to him in his fiduciary ca-

pacity. There, as here, the executor was not a blood relative. The court said, at page 478:

"Where one is a blood relative he may take beneficially although described as executor in the dispositive language, if that intention is clear. . . . But in view of the fiduciary status of an executor it is a salutary general principle of law that a bequest to an executor is presumed to be given to him in trust for purposes of administration of the estate and distribution under the will. To justify a court in construing the bequest as a gift to the person so described, there must be language in the will which clearly indicates that intent."

The residuary estate of testatrix consists of a few miscellaneous items other than her real estate, bank deposits and shares of stock specifically bequeathed. As taxes and the costs of administration exceed the value of the residuary estate, an abatement of the specific legacies is necessary, as directed in the adjudication. The order of abatement is set forth in the Act of April 18, 1949, P. L. 512, art. VII, sec. 751, 20 PS §320.751, and provides, in part, that property bequeathed in a residuary clause must abate before property specifically bequeathed.

Cited by counsel for the exceptant is Turner Estate, 408 Pa. 530 (1962), which is authority for the proposition that the word "money" when used in a will, especially in a residuary clause, is to be construed in the broad sense of wealth or property only where the context of the will and the circumstances surrounding its execution require that it be so interpreted. Turner Estate supports our conclusion.

Noble Estate, 344 Pa. 81 (1942), and other cases also cited are either inapposite because of different facts or circumstances, or they have been supplanted by later decisions of the appellate courts as above instanced.

The exceptions are dismissed and the adjudication is confirmed absolutely.