Sorschek Estate.

Argued April 28, 1966. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*William F. Scheid, Jr.,* for appellant.

*Herbert Bass,* with him *John H. Archer,* and *Hall, Wainwright & Archer,* and *MacCoy, Evans & Lewis,* for appellees.

OPINION BY MR. CHIEF JUSTICE BELL, June 24, 1966:

Marie Sorschek died September 4, 1964, leaving a holographic will dated August 27, 1963, and a holographic codicil dated August 28, 1964. Letters testamentary were granted to Paula Roseling who was the executrix named in the will and is also the appellant herein. Testatrix's estate totaled $60,713.48 and was made up as follows:

|     |                                        |             |
| --- | -------------------------------------- | ----------- |
| (a) | Cash in three bank accounts ..... | $ 3,227.81 |
| (b) | Stocks ........................ | 38,466.50 |
| (c) | An interest in the estate of her husband ................... | 6,900.00 |
| (d) | Real Estate ................... | 11,500.00 |
| (e) | Miscellaneous ................. | 619.17 |
|     |                                        | $60,713.48 |

After making a number of *specific* bequests and devises in her will, testatrix provided: "What is left of the monies I leave to my friend Paula Roseling."

There was a deficiency of assets available to pay (1) the decedent's debts, and (2) funeral expenses, and (3) the cost of administering her estate* without resort to specific legacies and the specific devises.

The crucial question involved is whether the gift in the will to Paula Roseling and the gifts in the codicil "to my executrix" were specific or residuary bequests.

The Orphans' Court, in construing Marie Sorschek's *holographic will* which expressly disposed of *all* her estate, determined (1) that the gift to Paula of "what is left of the monies" was a *residuary* gift, and (2) that (a) six specific bequests of named shares of stock to named relatives, and (b) two pecuniary legacies totaling $1,000 out of her *bank deposits* to two of her friends, and (c) a gift of her bungalow to her former husband's brother and wife as a home as long as they live, with remainder to two charities, and (d) gifts of her personal belongings to her named friends and relatives,—were specific legacies and devises and must abate proportionately, but had priority over residuary gifts.

The Orphans' Court correctly decided that a general residuary bequest or devise must abate before specific legacies and devises. See §752 of the Fiduciaries Act of 1949 (Act of April 18, 1949, P. L. 512, 20 P.S. §320.752) which was in effect at the death of testatrix.

Appellant does not controvert this principle but contends that the word "monies" in the bequest to her in Marie's will, viz., "what is left of the monies . . ." (a) should be interpreted literally and (b) that it means the *balance* of the cash in the three bank accounts, namely, $3,227.81, and (c) consequently it was a *specific* legacy. However, when the testatrix

---

* Testatrix made no provision in her will for the payment of her debts or funeral or administration expenses, which totaled $7,026.01.

wished to make a specific bequest, or wished a pecuniary bequest to be specifically paid out of her bank accounts, she had said so in her will. For example, she provided, "My friend Alice Elston shall be given the sum of $500.00 of my bank deposits also to my friend Margaret Wahl the sum of $500.00." We repeat: We agree with the Orphans' Court that testatrix intended the bequest of "What is left of the monies,* I leave to my friend Paula Roseling" to be a residuary gift and consequently it must abate before the specific legacies and devises.

The second question involved is the codicillary gift to her executrix. The codicil pertinently provided: "The part of his [her husband's] estate which is coming to me I want to be taken for payment of the various inheritance taxes to my beneficiaries. *What is left if any belongs to my executrix.*"**

The difference between Pennsylvania Transfer Inheritance taxes and the part or share of "what is coming to" testatrix from her husband's estate was approximately $720, which would be the amount payable to appellant either as executrix or in her individual capacity. It will be quickly noted that this was a gift not as in the will to Paula Roseling by name but "to my executrix."

The Orphans' Court decided that "what is left if any belongs to my executrix" was a *residuary gift,* and impliedly held that it was a gift to the executrix in her fiduciary capacity and not to her as an individual:

---

* While very few wills have a twin brother, and few wills are controlling of another will, "monies" generally means cash, but may sometimes include all of testatrix's residuary property. Cf. *Conlin Estate,* 388 Pa. 483, 489, 131 A. 2d 117; *Lewis Estate,* 407 Pa. 518, 521, 180 A. 2d 919; *Turner Estate,* 408 Pa. 530, 544, 184 A. 2d 896; *Bricker's Estate,* 335 Pa. 300, 303, 6 A. 2d 905; *Ingham's Estate,* 315 Pa. 293, 295-296, 172 Atl. 662.

** Italics throughout, ours.

Cf. *Sharadin Estate,* 154 Pa. Superior Ct. 475, 36 A. 2d 199, but that in either event it must abate before the specific legacies and specific devises. We agree.

Decree affirmed, costs to be paid out of the principal of the estate.

---

DISSENTING OPINION BY MR. JUSTICE EAGEN:

I cannot agree with the majority's conclusion that the codicillary gift to the appellant-executrix was a residuary legacy. It is clear to me that when the testratrix was dealing with the specific fund of her husband's estate, she directed and intended that the necessary portion thereof be used to pay the taxes due and that the balance be paid to appellant as a specific gift. Since, as of the date of the execution of the codicil, she could not have known the amount of money necessary to satisfy the tax due, the bequest was as specific as it could possibly be.