337 A.2d 837

## In re Hugh S. WOOLETT'S ESTATE.

### Appeal of Jean S. GARDNER.

Supreme Court of Pennsylvania.

Argued March 13, 1975.

Decided May 13, 1975.

704

George E. Loebig, Jr., Pittsburgh, for appellant.

Herbert V. Brownlee, Brownlee & Brownlee, Pittsburgh, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

JONES, Chief Justice.

Hugh S. Woolett died testate on June 4, 1972. On June 20, 1972, following the naming of appellant Jean S. Gardner, administratrix c. t. a. of the estate, decedent's will was probated in Allegheny County. Thereafter, appellant filed an account which came up for audit on April 17, 1974.

On June 3, 1974, the Orphans' Court of Allegheny County entered a decree providing that the residuary estate bear the burden of estate inheritance tax, debts and administrative expenses. Thereafter, appellant filed exceptions to the decree requesting that the heirs of testator's deceased brother be required to pay a proportionate share of the above-mentioned costs. Exceptions were denied by the court en banc and this appeal followed.

Appellant's contentions involve the interpretation of the second paragraph of the decedent's holographic will. The will provides:

> "LAST WILL AND TESTAMENT
> HUGH S. WOOLETT.
>
> In the name of God, Amen.
>
> I, Hugh S. Woolett, bequeath my real estate at 282 Magnolia Place, Mt. Lebanon, to my brother, Kieth M. Wollett [sic] and his heirs.
>
> All my personal property, consisting of all household effects, automobile, insurances, and everything I possess save the real estate described above, I give and bequeath to Jean S. Gardner.
>
> Signed this 20th day of June, 1969.
>
> /s/ HUGH S. WOOLETT.
>
> Witness:
> /s/ Leo Vogel"

It is appellant's belief that the testator intended the second paragraph of his will to constitute a specific bequest as to his household effects, automobile and insurance policy and an "indefinite legacy" as to all other personalty. For purposes of abatement, appellant maintains there is no residuary bequest, that an "indefinite legacy" abates equally with a specific gift and that consequently all the beneficiaries under the will must pay a pro rata share of the estate's administrative expenses and taxes. We disagree.

■■ Under the provisions of the Fiduciaries Act of 1949, P.L. 512, § 751, 20 P.S. § 320.751, property devised or bequeathed in a residuary clause or property disposed of in the form of a general bequest must abate before a specific devise or bequest in the payment of the decedents debts, funeral expenses and the cost of administering the estate. *See Sorschek Estate*, 422 Pa. 79, 221 A. 2d 131 (1966). Likewise, the inheritance and Estate Tax Act of June 1961, P.L. 373, § 718, 72 P.S. § 2485–718, provides that if there is a residuary estate, it must bear the burden of inheritance tax unless the will provides otherwise. *See Krogman Estate*, 40 Pa.D. & C.2d 462, 464–5 (O.C.Phila.1966). Since the testator's will is completely silent with respect to the manner in which taxes and expenses be paid, if appellant is a general residuary legatee, she must bear the contested costs.

■ In the past we have defined a specific bequest as "a gift by will of a specific article or part of the testator's estate, which is identified and distinguished from all other things of the same kind, and which may be satisfied only by delivery of the particular thing." *Soles Estate*, 451 Pa. 568, 573, 304 A.2d 97, 100 (1973); *Beatty v. Hottenstein*, 380 Pa. 607, 610, 112 A.2d 397, 399 (1955). In contrast, we have defined the residue of a man's estate as "whatever is not specifically devised or bequeathed . . . ." *Bricker's Estate*, 335 Pa. 300, 303–4, 6 A.2d 905 (1939); *Willard's Estate*, 68 Pa. 327, 332 (1871). In all cases, the test must be the testator's intent to dispose of a residue. *Klein Estate*, 9 Pa.D. & C. 20 (O.C.Phila.1926). *See also McKinney Estate*, 435 Pa. 608, 258 A.2d 632 (1969). Since no particular language is necessary to convey the residuary estate, "words in any clause sufficiently broad to pass a general residue are not usually held to be restricted by association with other words of narrower import or by added attempts at enumeration." Rood on Wills (Second Ed. Section 520 p.

508). *See also Armstrong Estate,* 347 Pa. 23, 31 A.2d 528 (1943).

■ Looking, as we must, at this will in its entirety, we find that testator specifically devised to his brother and heirs a particular parcel of land identified as 282 Magnolia Place. Thereafter, testator bequeathed to one Jean Gardner all else remaining in his estate ("save the real estate described above"). The intent to generally bequeath the residue seems clear.

■ Should there be any doubt as to testator's intent, the party arguing a gift is specific must carry the burden of proof. *Soles Estate,* 451 Pa. 571, 304 A.2d at 99; *Wilson's Estate,* 260 Pa. 407, 103 A. 880 (1918); *Ferreck's Estate,* 241 Pa. 340, 88 A. 505 (1913). As this Court said in *Snyder's Estate,* 217 Pa. 71 at 74, 66 A. 157 at 158, "It is certainly true that the presumption of intention is favorable to general legacies in the first instance and that it requires *clear proof* of a restrictive intention to repel it." (Emphasis added).

■■ Appellant's only argument in favor of specificity is that testator's choice to enumerate the several types of personal property comprising his bequest to appellant negates the intent to generally bequeath.* We can not accept this argument. A gift of residue including certain property does not, in itself, make the gift of that property specific. Nor does the "mere fact that the testator enumerates some specific things in the gift of the residue (as 'all my furniture, cattle and all my other

---

* Although appellant has argued the entire second paragraph acts as a specific bequest, in the alternative, she maintains that this paragraph is comprised of *both* a specific bequest, *i. e.,* the household goods, automobile and the insurances, and a "general legacy," *i. e.,* the "everything I possess." Under this analysis, the "everything I possess" (consisting of cash from testator's savings and checking account and social security benefits) must abate first. Since this would not cover all expenses and taxes, the deficit would then be paid on a pro rata basis, *i. e.,* based on what was *actually* received by the beneficiaries under the will by reason of their specific bequests.

personal estate') . . . make the gift of those things specific." 2 Jarman on Wills (Seventh Ed. by Sanger 1003). *See* 2 Page on Wills (Second Ed. 2054 Section 1232). *See also Reel's Estate*, 266 Pa. 221, 109 A. 845 (1929); *Ritter Estate*, 77 Pa.D. & C. 37 (O.C.Lycoming 1951).

Since the *general* enumeration of certain items, in a residuary clause, does not indicate clear proof of the testator's restrictive intent, and since the appellant has offered *no other evidence* indicating such restrictive intent, we find the lower court properly dismissed the exceptions.

Decree affirmed. Appellant to bear costs.

ROBERTS, J., took no part in the consideration or decision of this case.