**ESTATE OF George ZEEVERING, Deceased.**

**Appeal of Wayne Zeevering.**

Superior Court of Pennsylvania.

Argued Aug. 20, 2013.

Filed Sept. 26, 2013.

Reargument Denied Nov. 26, 2013.

Marie C.E. Feindt, Media, for participating party.

BEFORE: SHOGAN, WECHT & COLVILLE *, JJ.

OPINION BY SHOGAN, J.:

Appellant, Wayne Zeevering, son of the late George Zeevering, appeals from the final decree entered on January 4, 2013 that denied Appellant's exceptions to the November 7, 2012 decree distributing George Zeevering's estate.[1] After careful consideration, we affirm.

The relevant facts of this matter were aptly set forth by the orphans' court as follows:

1. George Zeevering died on August 3, 2011.

2. Prior to his death, George Zeevering executed his Last Will and Testament on March 6, 2011, a Will which he draft-ed and executed without the advice of counsel.

3. George Zeevering was survived by the following five children: Kathleen Archacki, Laura Bonner, Diane Mar[c]ks, Jennifer Rios, and [Appellant].

4. The Last Will and Testament of the decedent makes two specific bequests.

5. The specific bequests included a red pick-up truck and a summer property in Deal Island, Md.

6. The specific bequest of real estate is a nullity because title was held as joint tenants with right of survivorship between George Zeevering and [Appellant].

7. The only specific asset passing under the Last Will and Testament of George Zeevering is a red pick-up truck.

8. The red pickup truck passed by specific bequest to Diane Marks.

9. The will also reads "I direct that my just debts, funeral expenses of his last illness to be paid from my estate," and

10. "The failure of this will to provide any distribution to my children, Laura Bonner, Kathleen Archacki, and Jennifer Rios, is intentional."

11. The net residuary estate of the decedent consists of approximately $217,000 in cash.

12. There is no residuary clause in decedent's Last Will and Testament.

Orphans' Court Opinion, 2/13/13, at 1–2.

On May 23, 2012, the executrix of George Zeevering's estate filed a final accounting and statement of proposed distribution that would distribute the residue of the estate to all five of George Zeevering's children. Appellant filed objections to the proposed distribution asserting that

* Retired Senior Judge assigned to the Superior Court.

1. The exceptions and appeal were properly and timely filed pursuant to Pa.O.C.R. 7.1 and Pa.R.A.P. 903.

George Zeevering's will specifically excluded his children Laura Bonner, Kathleen Archacki, and Jennifer Rios and that they should not receive any part of the residue of George Zeevering's estate. Appellant's objections were denied by decree entered November 7, 2012, which directed that the residue of the estate would be distributed under Pennsylvania's intestacy laws because the will contained no residuary clause. Appellant filed exceptions to the November 7, 2012 decree, and Appellant's exceptions were denied by decree entered on January 4, 2013. On January 24, 2013, Appellant filed a timely appeal.

On appeal, Appellant raises the following issue for this Court's consideration:

I. Should a partial intestacy be ordered during probate of a testator's will, made without legal counsel, when doing so would include beneficiaries that the testator specifically directed should not share in his estate?

Appellant's Brief at 3 (full capitalization omitted).

 "Our standard of review of an orphans' court's decision is deferential." *In re Estate of Strahsmeier*, 54 A.3d 359, 362 (Pa.Super.2012). When reviewing an orphans' court decree, this Court must determine whether the record is free from legal error and whether the orphans' court's findings are supported by the record. *Id.* at 362–363. Because the orphans' court sits as the finder of fact, it determines the credibility of the witnesses and, on review, this Court will not reverse its credibility determinations absent an abuse of discretion. *Id.* at 363. However, this Court is not bound to give the same deference to the orphans' court conclusions of law. *Id.* (quotation marks and citation omitted). Where the rules of law on which the orphans' court relied are palpably wrong or clearly inapplicable, we will reverse the court's decree. *Id.* (quotation marks and citation omitted). Moreover,

we point out that an abuse of discretion is not merely an error of judgment. However, if in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be manifestly unreasonable or the product of partiality, prejudice, bias, or ill will, discretion has been abused. *Id.* (citation omitted).

Decades ago, the Pennsylvania Supreme Court explained the terms "specific bequest" and "residue":

[W]e have defined a specific bequest as a gift by will of a specific article or part of the testator's estate, which is identified and distinguished from all other things of the same kind, and which may be satisfied only b[y] delivery of the particular thing. In contrast, we have defined the residue of [an] estate as whatever is not specifically devised or bequeathed[.] In all cases, the test must be the testator's intent to dispose of a residue. Since no particular language is necessary to convey the residuary estate, words in any clause sufficiently broad to pass a general residue are not usually held to be restricted by association with other words of narrower import or by added attempts at enumeration.

*In re Woolett's Estate*, 461 Pa. 703, 337 A.2d 837, 839–840 (1975) (internal citations and quotation marks omitted). An intestate estate is defined as follows:

**Intestate estate**

**(a) General rule.**—All or any part of the estate of a decedent not effectively disposed of by will or otherwise passes to his heirs as prescribed in this chapter, except as modified by the decedent's will.

**(b) Modification by decedent's will.**— A decedent by will may expressly exclude or limit the right of an individual or class to succeed to property of the

decedent passing by intestate succession. If that individual or a member of that class survives the decedent, the share of the decedent's intestate estate to which the individual or class would have succeeded passes as if that individual or each member of that class had disclaimed his intestate share.

20 Pa.C.S.A. § 2101.

Here, Appellant is challenging the orphans' court's application of intestacy law to the residue of George Zeevering's estate. As noted above, George Zeevering's will contained specific bequests to two of his children and specifically omitted his three other children from the will. However, the will contained no direction as to the distribution of any residue. The record reveals that the residuary estate amounts to more than $200,000.00, the largest portion of which is George Zeevering's Iron Workers account in the amount of $203,243.61. Final Accounting, 5/23/12, at 9.[2]

 Appellant argues that, because George Zeevering's will did not provide for any distribution to Laura Bonner, Kathleen Archacki, and Jennifer Rios, that fact illustrated the decedent's intent to leave the entire estate, including the residue, to Diane Marcks and Appellant. Appellant's Brief at 10. Appellant claims the intent of George Zeevering was clear, and the orphans' court erred in not concluding George Zeevering intended to leave the residuary estate solely to Diane Marcks and Appellant. However,

[w]hile judicial interpretation of a will is aimed to ascertain the intention of the testator and may therefore, in some instances, lead to the conclusion that a bequest, though not formally expressed in the will, is nevertheless implied, such

an inference is justified only if the testator's intention to that effect is so clear as to be beyond reasonable doubt; it must not rest upon mere conjecture nor arise wholly from the disinclination of a · court to declare a partial intestacy.

*In re Verner's Estate,* 358 Pa. 280, 56 A.2d 667, 669 (1948) (footnote omitted). Indeed, "[t]he rights conferred by the intestate laws are only taken away by a will which effectually disposes of the entire estate of the decedent; and while a construction is not to be adopted, if it can be avoided, which will lead to an intestacy, interpretation is never to assume the proportions of reformation." *Id.* (quoting *In re De Silver's Estate,* 142 Pa. 74, 21 A. 882, 883 (1891)).

In its opinion, the orphans' court addressed the issue as follows:

[Appellant] states in his *Memorandum of Law in Support of Objections,* "When a testator drafts a Last Will and Testament, he is presumed, in the absence of an indication to the contrary, to have intended to dispose of his entire estate and not to die intestate as to any part of it." *In re: Estate of Hill,* 42 [432] Pa. 269, 247 A.2d 606, 609 (1968). However, and as equally important, is the axiom that a "Court must not and cannot reform or rewrite a will." *Walton Estate,* 409 Pa. 225, 186 A.2d 32 (1962).

The case *Cronin Will,* 18 Fid. Reporter, 98 (1998) demonstrates why a Court cannot read a residuary clause into a Will even if the consequence may result in an outcome not intended by the testator.

The Will in *Cronin Will* provided for ten specific bequests. It did not, however, include a residuary clause which

---

**2.** While the distribution of the estate is at issue on appeal, there is no challenge to the valuation of the Iron Workers account.

raised the issue of partial intestacy. In an attempt to avoid partial intestacy, Petitioners argued that the decedent intended to exclude certain members of her family from partaking in her estate. *Cronin Will, Id.* at 99. The Will in *Cronin Will,* did not, as in this case before the Court, specifically exclude the other potential beneficiaries.

Unlike the case at issue before this Court, the Court in *Cronin Will* had the sworn testimony of the lawyer who drafted the Will. The scrivener testified that the decedent's omission or failure to dispose of her residuary estate did not occur by fault or mistake, but the decedent could not identify at that time those persons she intended as the "natural objects of her residuary estate." *Cronin Will,* 18 Fid. Reporter, 98, 101 (1998). The Court ruled, "We are confined to what the decedent said and not what she might have decided at a later date as to the distribution of her residue, and thus the residuary estate will be distributed as partial intestacy." *Cronin Will, Id.* at 99.

As in *Cronin Will,* the testator's Last Will and Testament contained specific bequests and no residuary clause. Just as in *Cronin Will,* [Appellant] argues the intent of the testator was to exclude members of his family. In *Cronin Will,* the scrivener testified this was not his intent. Here, we know the intent of the testator and it was to exclude these family members as to what was disposed of in the Will. This still begs the question and that is whether this Court or for that matter any Court could then bootstrap this intent as to a few limited items into an intent to not only distribute the entire estate but also then to exclude the natural objects of his bounty from participating in that distribution.

It may very well be that the testator intended to exclude three of his children from sharing the $217,000 in residue. It may very well be that the words "I direct that my just debts, funeral expenses and expenses of last illness be first paid from my estate" meant that the testator was aware of the $217,000, and therefore, being aware of it, he meant to dispose of it by paying these debts and to exclude three of his children. We don't know whether or not he realized the debts would be paid prior to distributions to the beneficiaries. On the other hand, it may be he was reserving judgment on what he wanted to do and purposefully left out a residuary clause. He may have been aware that the estate residue would distribute equally to these natural objects of his bounty if he did not include a residuary clause. It may be he thought the rest of the estate was in a joint account with the right of survivorship and the cash would transfer in that manner. It may be he intended to distribute the $217,000 during his lifetime, but never got around to it. It may be that a combination of one or all of the above motivated [George] Zeevering to write his Will the way he wrote it. The point is, we do not know.

In order for a Court to avoid partial intestacy, the decedent's intention to that effect must be "so clear and to be beyond a reasonable doubt; it must not rest upon mere conjecture nor arise wholly from the disinclination of a court to declare a partial intestacy." *Verner Estate,* 385 [358] Pa. 280, 284, 56 A.2d 667, 669 (1948).

What may possibly be the intent of the testator at the time he wrote his Will as to undistributed portions is not clear enough for the Court to determine the testator's intent, and certainly not enough to graft a residuary clause onto a document based on supposition, guess, divination, apparent inequities, or conjecture. [ ]A Court cannot insert a sub-

stantive disposition of the property which the testator himself failed to make.[ ] *Conlin Estate*, 388 Pa. 483, 49[3], 131 A.2d 117[, 122] (1952[1957] ). If a Court finds itself in the position of guessing the testator's intent, the undisposed property must be disposed of under partial intestacy laws. Therefore, the residue of the estate including the $217,000 must be distributed pursuant to the Pennsylvania Intestacy Statutes.

Orphans' Court Opinion, 2/13/13, at 3–5.

■ While we are not bound by common pleas court decisions, we are persuaded that *Cronin Will* is the correct application of the law.[3] The courts of this Commonwealth "are confined to what the decedent said and not what [he] might have decided at a later date as to the distribution of [his] residue, and thus the residuary estate will be distributed as partial intestacy." *Cronin Will*, 18 Fid. Reporter 98, 99 (CCP Montgomery County 1998). Therefore, it was proper for the orphans' court to conclude that where the intent of the testator is not clear from the will, where the will fails to ̇dispose of a decedent's entire estate, and where the will fails to provide a residuary clause, the residuary estate is to be distributed under intestacy laws. For the reasons set forth above, we discern no error or abuse of discretion in the orphans' court's decision, and we affirm the decree entered on January 4, 2013.

Decree affirmed.

COLVILLE, J., Concurs in the Result.

---

**3.** *See Fazio v. Guardian Life Ins. Co. of America*, 62 A.3d 396, 411 (Pa.Super.2012) (stating that the decisions of the courts of common pleas are not binding precedent but may be considered as persuasive authority).