J-A26014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE:  ESTATE OF RONALD MARK ORENAK | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF:  ANN L. ORENAK, AS EXECUTRIX OF THE ESTATE OF RONALD MARK ORENAK | No. 1830 WDA 2015 |

Appeal from the Order Entered November 5, 2015
In the Court of Common Pleas of Indiana County
Orphans' Court at No(s): 32-15-0019

BEFORE:  BENDER, P.J.E., RANSOM, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED DECEMBER 22, 2016**

Ann L. Orenak (Appellant), Executrix of the Estate of Ronald Mark Orenak,[1] appeals from the orphans' court's November 5, 2015 order that denied her Petition for Citation of Declaratory Judgment.  The denial of the Petition directed that the funds in a joint bank account were to be distributed to Marilyn Burns and were not to be included in Ronald Orenak's estate or distributed in accordance with his will.  After review, we affirm.

Appellant's statement of the question involved reads as follows: "Whether Ronald Orenak's Estate is entitled to Ronald's half of the funds in Anne Orenak's[2] joint accounts, where Ronald died only four (4) days after

---

[1] Ann Orenak is Ronald Orenak's widow.

[2] Anne Orenak, Ronald's and Marilyn's mother, had established a joint bank account in her and her children's names.

co-owner, Anne Orenak[?]" Appellant's brief at 3. To support her statement of the question, Appellant sets forth the following three arguments:

> I. The MPAA[3] should not be applied mechanically to the factual anomaly of this case.
>
> II. There is sufficient evidence to rebut the survivorship presumption of the MPAA.
>
> III. ***Novosielski***[4] suggests that provisions of a [w]ill may be considered, and its progeny do not preclude rebuttal of the presumption.

***Id.*** at 10, 13 and 18.

> In addressing these issues, we are guided by the following:
>
> Our standard of review of an orphans' court's decision is deferential. ***In re Estate of Strahsmeier***, 54 A.3d 359, 362 (Pa. Super. 2012). When reviewing an orphans' court decree, this Court must determine whether the record is free from legal error and whether the orphans' court's findings are supported by the record. ***Id.*** at 362-363. Because the orphans' court sits as the finder of fact, it determines the credibility of the witnesses and, on review, this Court will not reverse its credibility determinations absent an abuse of discretion. ***Id.*** at 363. However, this Court is not bound to give the same deference to the orphans' court conclusions of law. ***Id.*** Where the rules of law on which the orphans' court relied are palpably wrong or clearly inapplicable, we will reverse the court's decree. ***Id.*** Moreover, we point out that an abuse of discretion is not merely an error of judgment. However, if in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be manifestly unreasonable or the product of partiality, prejudice, bias, or ill will, discretion has been abused. ***Id.***

---

[3] Multiple Parties Account Act, 20 Pa.C.S. §§ 6301-6306.

[4] ***In re Novosielski***, 992 A.2d 89 (Pa. 2010).

***Estate of Sacchetti v. Sacchetti***, 128 A.3d 273, 281-82 (Pa. Super. 2015) (quoting ***In re Estate of Zeevering***, 78 A.3d 1106, 1108 (Pa. Super. 2013)).

We have reviewed the certified record, the briefs of the parties, the applicable law, and the thorough opinion of the Honorable Carol Hanna of the Court of Common Pleas of Indiana County, dated November 5, 2015. We conclude that Judge Hanna's opinion accurately disposes of the issue and accompanying arguments presented by Appellant. Accordingly, we adopt her opinion as our own and affirm the order denying Appellant's petition on that basis.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/22/2016