J-S35015-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF GEORGE LELAND BEBOUT A/K/A GEORGE L. BEBOUT, DECEASED | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: MEGAN BEBOUT | : : : : : | |
| | : | No. 584 MDA 2023 |

Appeal from the Order Entered February 26, 2023
In the Court of Common Pleas of Tioga County
Orphans' Court at No(s):  77 O.C. 2022

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED: JANUARY 4, 2024**

Megan Bebout ("Appellant"), daughter of the late George Bebout ("Bebout"), appeals from the order denying Appellant's motion for judgment on the pleadings and granting a cross-motion for judgment on the pleadings filed by Bebout's estate and his surviving spouse, Angelita V. Acoba ("Acoba"). The question before us is whether or not an intestate heir may share in the distribution of a residuary estate, where the decedent's will did not include a residuary clause, but specifically limited that heir's inheritance. After careful consideration, we affirm.

Bebout died on June 16, 2021. Prior to his death, Bebout drafted a last will and testament ("the Will"), in which he made specific bequests to Acoba

_____

[*] Retired Senior Judge assigned to the Superior Court.

and Appellant. Appellant was born from a previous marriage and is Bebout's only child. In the Will, Bebout specifically bequeathed to Acoba "all of my tangible personal property". In reference to Appellant, the Will read:

> Section 2. I give and bequeath the sum of FIVE ($5.00) DOLLARS to my daughter, Megan Bebout. It is my desire that this is all she is to receive from me, for reasons known to me.

Exhibit A, at 1. There is no residuary clause, disposing of the remainder of Bebout's estate.

On September 8, 2022, Acoba filed a petition for construction of the Will. Acoba asserted that the absence of a residuary clause in the Will was "a scrivener's error." Acoba contended that the only possible way to construe the Will is that the remainder of Bebout's property be distributed to Acoba "[i]n light of the express limitation of the inheritance of [Appellant] to the sum of Five Dollars ($5.00) and no comparable limitation on the inheritance of [Acoba]." Petition for Construction of Last Will and Testament and/or Determination of Rights in Estate, 9/8/2022, at ¶15. In the alternative, Acoba asserted that if there is a partial intestacy due to the lack of a residual clause, Acoba would still be entitled to the entire residual estate by operation of law, due to Bebout's express disinheritance of Appellant from receiving anything more than five dollars from his estate. ***See id***. at ¶16.

On October 4, 2022, Appellant filed an answer, in which she argued she is entitled to one half of the residuary estate based on the terms of the Will and application of Pennsylvania's intestacy laws.

- 2 -

Appellant then filed a motion for judgment on the pleadings. Subsequently, the Estate and Acoba filed a cross-motion for judgment on the pleadings. After a hearing, the orphans' court entered an order in favor of the Estate and Acoba. This timely appeal followed.

Our standard of review of an orphans' court's decision is deferential:

When reviewing an orphans' court decree, this Court must determine whether the record is free from legal error and whether the orphans' court's findings are supported by the record. Because the orphans' court sits as the finder of fact, it determines the credibility of the witnesses and, on review, this Court will not reverse its credibility determinations absent an abuse of discretion. However, this Court is not bound to give the same deference to the orphans' court conclusions of law. Where the rules of law on which the orphans' court relied are palpably wrong or clearly inapplicable, we will reverse the court's decree. Moreover, we point out that an abuse of discretion is not merely an error of judgment. However, if in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be manifestly unreasonable or the product of partiality, prejudice, bias, or ill will, discretion has been abused.

*In re Estate of Zeevering*, 78 A.3d 1106, 1108 (Pa. Super. 2013) (citations omitted).

To begin, we note that an intestate estate is defined as follows:

All or any part of the estate of a decedent not effectively disposed of by will or otherwise passes to his heirs as prescribed in this chapter, except as modified by the decedent's will.

20 Pa.C.S.A. § 2101(a).

Appellant argues that due to the lack of a residuary clause in the Will, the residuary estate must be distributed to all intestate heirs in accordance with the Intestate Act, regardless of the provision in the will limiting

Appellant's inheritance. Appellant relies on *Zeevering* for this proposition, in which a panel of this Court held that "where the intent of the testator is not clear from the will, where the will fails to dispose of a decedent's entire estate, and where the will fails to provide a residuary clause, the residuary estate is to be distributed under intestacy laws." 78 A.3d at 1111.

On the other hand, Acoba relies on the clear language of the Probate, Estates and Fiduciaries Code, which provides that a testator may disinherit an heir from receiving a share of an intestate estate by and through a will:

> **(b) Modification by decedent's will.** — A decedent by will may expressly exclude or limit the right of an individual or class to succeed to property of the decedent passing by intestate succession. If that individual or a member of that class survives the decedent, the share of the decedent's intestate estate to which the individual or class would have succeeded passes as if that individual or each member of that class had disclaimed his intestate share.

20 Pa.C.S.A. § 2101(b). Acoba argues that *Zeevering* must be read in light of Section 2101(b), and that when read together, they support the conclusion that Appellant is excluded from receiving a distribution from the intestate estate.

In *Zeevering*, the decedent had executed a last will and testament which contained specific bequests to two of his children and specifically omitted his three other children from the will. *See* 78 A.3d at 1109. Relevantly, the will read: "The failure of this will to provide any distribution to my children, Laura Bonner, Kathleen Archacki, and Jennifer Rios, is

intentional." *Id*. at 1107. Similar to the instant case, there was no residuary clause in the decedent's will. *Id*.

The executor filed a final accounting and proposed distribution that would distribute the residue of the estate to all five of the decedent's children. *See id*. at 1107. One of the two non-omitted children filed objections asserting that the will specifically excluded three of the children and that they should not receive any part of the residue. *See id*. at 1107-1108. The orphans' court entered an order denying the objections and directing that the residue of the estate be distributed under Pennsylvania's intestacy laws due to the absence of a residuary clause. *See id*. at 1108.

On appeal, the appellant challenged whether partial intestacy should be ordered during probate of a testator's will, when doing so would include beneficiaries that the testator specifically directed should not share in his estate. *See id*. The appellant argued that because the will did not provide for any distribution to three of the children, that fact illustrated a clear intent of the decedent to leave the entire estate, including the residue, to the other two children. *See id*. at 1109.

There was no dispute that the language used in the *Zeevering* will showed an intent to exclude certain family members as to what was disposed of in the will itself. However, there was no similar proof of an intent to distribute the entire estate in the will, let alone exclude the natural objects of the decedent's bounty from participating in the distribution of the entire

estate. **See id**. at 1110 (questioning whether this Court could "bootstrap" an intent to exclude heirs from what was disposed of in a will "into an intent to not only distribute the entire estate but also then to exclude the natural objects of his bounty from participating in that distribution.").

Conversely, the language used here specifically excludes Appellant from the entirety of Bebout's estate, not only the part of his estate which passes under the Will. While the difference in language between the **Zeevering** will and Bebout's Will may appear minimal, it nevertheless establishes a clear difference in intent, i.e. disinheriting children from a portion of an estate included in a will, versus disinheriting children from an entire estate.

Bebout was permitted to exclude or limit Appellant from receiving her share of intestate property. **See** 20 Pa.C.S.A. § 2101(b). He did just that by clearly stating "this is all she is to receive from me". This broader phrase encompassed not only specific property passing through the will, but also any other property that Appellant could share in. Since there is a clear intent to exclude Appellant from the distribution of the estate, evidence of which was lacking in **Zeevering**, we find the trial court did not err in granting judgment on the pleadings in favor of Acoba.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/4/2024